UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ D. JONES,<br><br>                     Plaintiff,<br><br>          v.<br><br>EDMONDS POLICE,<br><br>                     Defendant. | CASE NO. **2:23-cv-01194-JLR**<br><br>**REPORT AND RECOMMENDATION** |

On August 7, 2023, *Pro se* Plaintiff, Cortez D. Jones, filed a complaint alleging "Police brutality – Gangstalking turned into murder and robbery." Plaintiff seeks fifty-seven billion dollars in damages. Plaintiff also submitted an application to proceed *in forma pauperis* (IFP) averring his take home pay is $35,000.00 a month, he has received $324,000.00 in rent, interest, or dividends, and $32,000 in public benefits over the year. *Id.* The Court's recommendation, Dkt. 2, that Plaintiff be denied IFP status was adopted on August 15, 2023, by the assigned District Judge. Dkt. 6.

On August 17, 2023, Plaintiff filed an amended IFP application claiming no income and no assets. Dkt. 7. Plaintiff's IFP amended IFP application has been referred to the undersigned.

The Court recommends the assigned District Judge screen Plaintiff's complaint to

REPORT AND RECOMMENDATION - 1

determine whether it states a claim for relief and should be dismissed, or whether IFP status should granted, and the complaint should be served.

Under 28 U.S.C. § 1915(e), district courts must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see also *id*. § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

Here, the complaint names one Defendant, "Edmonds Police." A Police Department is not a "person" for purposes of § 1983 liability. *See United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments generally not considered "persons" within the meaning of section 1983). Hence the complaint is subject to dismissal because it fails to name a person who can be sued under § 1983.

The complaint also avers in its entirety: "990 Police brutality – Gangstalking turned into murder and robbery. RCW clearly states police have to have probable cause for all force used against those arrested. I claimed due to the injuries I suffered and time I spent in jail with lack of probable cause." These allegations do not set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In sum, the Court recommends the assigned District Judge screen this matter to determine whether the complaint states a claim upon which relief may be granted. If it does IFP status may be granted, and the complaint may be served. If it does not IFP status is moot as the complaint should be dismissed.

REPORT AND RECOMMENDATION - 2

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 1, 2023.** The Clerk should note the matter for **September 1, 2023**, as ready for the District Judge's consideration.

DATED this 18th day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge