1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORTEZ DAUNDRE JONES,

                Plaintiff,

  v.

EDMONDS POLICE,

                Defendant.

CASE NO. C23-1194JLR

ORDER

## I.   INTRODUCTION

Before the court are (1) *pro se* Plaintiff Cortez Daundre Jones's proposed complaint (Prop. Compl. (Dkt. # 1-2)) and amended motion to proceed *in forma pauperis* ("IFP") (Am. IFP Mot. (Dkt. # 7)); (2) United States Magistrate Judge Brian A. Tsuchida's report and recommendation (R&R (Dkt. # 8)); and (3) Mr. Jones's objections to the report and recommendation (Obj. (Dkt. # 11)).  In his report and recommendation, Magistrate Judge Tsuchida recommends that the court screen Mr. Jones's proposed complaint under 28 U.S.C. § 1915(e) and dismiss the complaint and deny Mr. Jones's IFP

ORDER - 1

motion as moot if the court determines that the complaint fails to state a claim upon which relief may be granted.  (*See* R&R.)  Having carefully reviewed all of the foregoing documents, along with all other relevant portions of the record and the governing law, the court ADOPTS the report and recommendation, DISMISSES Mr. Jones's complaint without prejudice, and DENIES as moot Mr. Jones's amended motion to proceed IFP.

## II.   ANALYSIS

On August 7, 2023, Mr. Jones filed a proposed complaint against Defendant Edmonds Police in which he alleges "Police brutality – Gangstalking turned into murder and robbery." (Prop. Compl. at 3.)  He seems to allege that the Edmonds Police did not have "probable cause for [the] force used against" him during an arrest.  (*Id.* at 5.)  Mr. Jones seeks fifty-seven billion dollars in damages from Edmonds Police.  (*Id.*)

After his first IFP motion was denied due to the significant assets and income identified therein (*see* 1st IFP Mot. (Dkt. # 1); 1st R&R (Dkt. # 2); 8/15/23 Order (Dkt. # 6)), Mr. Jones filed an amended IFP motion claiming no income and no assets (Am. IFP Mot.).  Magistrate Judge Tsuchida recommends that the court screen Mr. Jones's proposed complaint pursuant to 28 U.S.C. § 1915(e) to determine whether the proposed complaint should be dismissed for failure to state a plausible claim for relief and the amended IFP motion denied as moot, or whether IFP status should granted and the proposed complaint docketed and served.  (R&R at 1-2.)  In the report and recommendation, Magistrate Judge Tsuchida concluded that Mr. Jones's complaint "is subject to dismissal because it fails to name a person who can be sued under [42 U.S.C.] § 1983" and does not "set forth sufficient factual matter" to state a plausible claim for

1 | relief. (*Id.* at 2.) Mr. Jones timely objected. (*See generally* Obj.) Mr. Jones did not
2 | substantively respond to Magistrate Judge Tsuchida's analysis of his proposed complaint.
3 | Rather, his objections merely state that although he has "made money on investments,"
4 | he has "no access [to those] earnings" and should therefore be entitled to proceed IFP in
5 | this matter. (*See* Obj. at 1.)
6 |     A district court has jurisdiction to review a Magistrate Judge's report and
7 | recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court
8 | may accept, reject, or modify, in whole or in part, the findings or recommendations made
9 | by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the
10 | district judge must review the magistrate judge's findings and recommendations de novo
11 | if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114,
12 | 1121 (9th Cir. 2003) (en banc). Because Mr. Jones is proceeding *pro se*, the court must
13 | interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339
14 | F.3d 920, 925 (9th Cir. 2003).
15 |     Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints
16 | and must dismiss them if "at any time" it is determined that a complaint is "frivolous or
17 | malicious," fails to state a claim on which relief may be granted, or "seeks monetary
18 | relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see*
19 | *also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e)
20 | applies to all IFP proceedings, not only those filed by prisoners). Dismissal for failure to
21 | state a claim is proper when there is either a "lack of a cognizable legal theory or [an]
22 | absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1990).  Mr. Jones's proposed complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court need not accept as true a legal conclusion presented as a factual allegation, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor is the court required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).  In order to state a claim for relief under 42 U.S.C. § 1983,[1] a plaintiff must show:  (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The court has thoroughly examined Mr. Jones's proposed complaint, the report and recommendation, Mr. Jones's objections thereto, and the balance of the record before it.  On de novo review, the court finds Magistrate Judge Tsuchida's reasoning for

---

[1] The court liberally construes Mr. Jones's police brutality claim against Edmonds Police as a constitutional claim being brought under 42 U.S.C. § 1983 because he listed his claim as arising under federal law and failed to identify any other federal statute that provides a private right of action against a state entity for the type of conduct alleged. (*See* Prop. Compl. at 3.)

recommending review of Mr. Jones's proposed complaint and concluding that Mr. Jones failed to state a plausible claim for relief persuasive. The court has conducted a § 1915(e) review of Mr. Jones's proposed complaint and independently concludes that it fails to state a plausible claim for relief because (1) Edmonds Police Department is a department or agency of the city of Edmonds and "cannot be sued in its individual capacity because any claim against it constitutes a claim against the city,"[2] *Chen v. D'Amico*, No. C16-1877JLR, 2017 WL 5900352, at *1 n.2 (W.D. Wash. Nov. 30, 2017), and (2) the allegations contained in the proposed complaint are too vague and conclusory to state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) (stating that vague and conclusory allegations of participation in civil rights violations are not sufficient to support a claim under § 1983). Accordingly, the court ADOPTS the report and recommendation, DISMISSES Mr. Jones's proposed complaint under § 1915(e), and DENIES as moot Mr. Jones's amended IFP motion. *See, e.g.*, *Amison v. Walt Disney Co.*, No. 20-CV-1121-AJB-DEB, 2020 WL 4192275, at *2 (S.D. Cal. July 21, 2020)

//

---

[2] "In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (citing *Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990)) ("Here, the Seattle Police Department is not a legal entity capable of being sued. It is therefore dismissed as a defendant in this case."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (stating that a local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability; rather, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit).

(denying IFP motion as moot after identifying fatal deficiency in plaintiff's proposed complaint).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Jones leave to file an amended complaint that cures the deficiencies identified above. If he does so, he must name a defendant capable of being sued under § 1983 and set forth factual allegations that establish his right to relief against such a defendant under § 1983. Mr. Jones shall file his amended complaint, if any, no later than **September 8, 2023**. If Mr. Jones fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss his proposed complaint without leave to amend and close this case.

### III. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) The report and recommendation (Dkt. # 8) is ADOPTED in full;

(2) Mr. Jones's proposed complaint (Dkt. # 1-2) is DISMISSED without prejudice and with leave to amend. He must file an amended complaint, if any, by no later than **September 8, 2023**;

(3) Mr. Jones's amended IFP motion (Dkt. # 7) is DENIED as moot; and

(4) The Clerk is directed to send copies of this order to Mr. Jones and to the Honorable Brian A. Tsuchida.

1    Dated this 30th day of August, 2023.

_____
JAMES L. ROBART
United States District Judge